*W. S. Abert, for appellant.*
*T. M. Webster, John S. Ducker, for appellee.*

----

WILLIAM E. RUSSELL *v.* CUMBERLAND & OHIO R. Co.

**Corporations—Vacation of Charter—Subscription Contracts.**
   A private citizen cannot maintain an action to vacate or perfect the charter of a corporation. Such action can only be maintained by the commonwealth and by the attorney-general.

**Subscription Contracts.**
   Where counties subscribed for stock in a railroad corporation prior to the Act of April 9, 1873 (Gen. Stats., p. 843), said act has no application to such subscription contracts. Said act is not so far retroactive in its operation as to interfere with consummated contracts.

APPEAL FROM MARION CIRCUIT COURT.

February 2, 1875.

Opinion by Judge Lindsay:

A private individual cannot maintain an action to vacate or perfect the charter of a corporation. Such actions must be prosecuted by the commonwealth and by the attorney-general, or under his sanction and direction, by an attorney representing the commonwealth, and actions to vacate or repeal a railroad charter can only be instituted and maintained by order of the legislature, except where otherwise expressly provided. Secs. 530, 531, Civil Code of Practice.

Appellant fails to state the time or times at which the counties of Marion, Taylor and Green subscribed for stock in the Cumberland and Ohio Railroad Company. If the subscriptions were fully consummated, and the contracts therefor fully perfected before the passage of the act of April 9, 1873, entitled "An Act for the protection of counties, cities, etc., subscribing for stock in railroads, turnpikes, and other improvements" (Gen. Stat., p. 843), then said act does not apply to such contracts, and the railroad company cannot be compelled to execute the bonds therein provided for, as a condition precedent to its right to demand the bonds of said counties in payment of their respective contracts of subscription for stock. Said act is in the main prospective, and certainly is not so far retroactive in its operation as to interfere with consummated contracts. Neither was it intended to be an amendment to the charter of this or any other railroad company. Potter's Dwarris on Statutes and Their Construction 162, and note 9; Cooley's Constitutional Limitations 370, and authorities cited. *Aspinwall v. Daviess County,* 22 How. (U. S.) 364; *The Cumberland & Ohio R. Co. v. The Judge of Washington County Court,* Mss. Opinion, 5 Ky. Opinions 519, 580. It may be that the contract with Robinson, to furnish cross-ties, is not as advantageous to the company as it might have been made, and that Robinson was not the lowest and best bidder, and that in letting it out, the officers of the company acted in bad faith to bidders, and injuriously to the stockholders, and yet we do not see that the courts have the right to interfere. It is not charged that the contract was the result of a fraudulent combination between Robinson and the officers of the company; and unless there was fraud on both sides, the courts cannot deprive Robinson of the ad-

vantages of a contract that was honestly and fairly entered into by him.

We are of opinion that the petition sets out no cause of action against any of the appellees, and that the general demurrers were properly sustained, and the petition properly dismissed.

Judgment *affirmed.*

*C. S. Hill, for appellants.*

*H. C. Pendill, Harrison & Knott, R. H. Rountree, for appellee.*